[No. 9061.    Department Two.    December 14, 1910.]

JENNIE L. WEST, *Respondent*, v. WILLIAM SHAW *et al Appellants.*[1]

NEGLIGENCE—DANGEROUS PREMISES — TRESPASSERS—LICENSE—REV-
OCATION — INSTRUCTIONS. In an action for injuries sustained by
plaintiff in stepping into a post hole dug by a neighbor preparatory
to putting up a fence, in which it was claimed by the defendants that
they had revoked plaintiff's license to use a pathway over the land,
both by notice and by tying the gate, it is error to refuse to give an
instruction based upon defendant's evidence and theory of the case
to the effect that there could be no liability to a trespasser, de-
fined as one warned off the land.

Appeal from a judgment of the superior court for Clarke
county, McCredie, J., entered March 19, 1908, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for injuries sustained by stepping into an unguarded post
hole. Reversed.

*Miller & Crass*, for appellants.

*R. H. Back*, for respondent.

CHADWICK, J.—Appellants and a family named Richter
were adjoining lot owners. The lot belonging to the Richters
had been fenced. The home of respondent was to the east of
the Richters. The Richter tract was bounded on the north
and west by roads or streets, but for a long time a gate had
been maintained in their south fence, through which a path
led out onto the unfenced lots of the appellants. There was
testimony tending to show that this pathway and gate had
been used generally by those going to or coming away
from the Richter home, for such a length of time and under
such circumstances as would imply a license or consent to its
use. The appellants and the Richters had some dispute as
to the true line dividing their tract, and finally agreed that
it should be nine feet north of the line fence theretofore

[1]Reported in 112 Pac. 243.

erected, thus placing it within the enclosure. Appellants accordingly caused post holes to be dug preparatory to moving the fence. The work was begun, but was not completed on the —— day of December, 1905. On the evening of that day respondent went to the Richter home to borrow some article of neighborly interchange, and in doing so inadvertently stepped into a post hole which had been dug but left unguarded by the workmen. She alleges that she sustained injuries, and from a verdict in her favor, this appeal is prosecuted.

Many errors are assigned, most of them going to the instructions given or refused. Assuming that the instructions will be recast upon another trial, we shall discuss only such as we deem materially prejudicial. One of the defenses was that respondent was a trespasser. There was testimony to the effect that respondent and appellant William Shaw had discussed the question of the boundary line, and that Mr. Shaw had ordered respondent to keep off of his premises; that he had put up a notice warning all trespassers off of the property, but that it had been torn down, and that one of those engaged in digging the post holes had securely tied the gate with a rope when he quit work between four and five o'clock in the afternoon. The accident occurred about five o'clock. Upon the duty owing to a trespasser by the owner of land, the court instructed the jury as follows:

"A party's liability to trespassers depends upon the owner's contemplation of the likelihood of their presence on the premises and the probability of injuries from contact with conditions existing there.

"If the owner of land digs a dangerous pitfall or excavation in a passageway or pathway used by people in going to and from a residence and known by the excavators to be so used, or reasonably could be anticipated or contemplated that it was and would be so used, then, the owner will be liable for a failure to take reasonable precautions to prevent injury to any person passing along said pathway with due care, whether he be a trespasser or a licensee. A failure to take

such reasonable precautions will be gross or wanton negligence.

"Wanton negligence is the failure of one charged with a duty to exercise an honest effort in the employment of all available means to prevent injury."

These instructions were excepted to, and the following instructions were requested by appellants:

"If you find that plaintiff was warned by defendants to keep off of their premises, and particularly the premises where the injury is alleged to have occurred, then you are instructed that if after being so warned plaintiff came onto defendant's property without invitation, express or implied, she was a trespasser and defendants owed her no duty except to refrain from wilfully injuring her.

"You are instructed that the rule applicable to trespassers is that the proprietor upon whose land the trespasser enters, is under no duty towards the trespasser, except that of refraining from wantonly or recklessly injuring him, after discovering his trespass or peril."

It is clear that the trial judge misconceived the law pertaining to the duty which appellants owed to respondent, in the event that the jury found she went upon the premises of the appellants in defiance of their orders. The pathway was not a public way, but was used under an express or implied permission of the owners of the property; and the most that could be claimed by any one was that the circumstances of its use had been such that it operated as an implied invitation to the public to use it. A revocation of this license or permission could be manifested in either of the ways set up by appellants—by notice, command, or by tying the gate.

"The general rule is that no duty exists towards trespassers except that of refraining from wantonly or wilfully injuring them. The principle that owners of property are bound to see that persons lawfully on such premises are not injured does not extend to those who are on the premises without right or without permission. So the owner of land is under no obligation or duty as to a mere trespasser to keep his premises in a suitable condition. The mere maintenance of a dangerous nuisance on one's inclosed premises gives no right of action

to one who without necessity and without the owner's invitation, express or implied, enters on such premises and is injured thereby." 29 Cyc. 442.

As we read the instructions, appellants were denied the right the law gives them of having the court instruct upon the theory of the defense tendered in the answer and sustained in some degree by competent testimony. Every litigant has a right to have his theory of the case presented to the jury. *State v. Messner*, 43 Wash. 206, 86 Pac. 636.

The judgment of the lower court is reversed, and a new trial ordered.

RUDKIN, C. J., MORRIS, DUNBAR, and CROW, JJ., concur.